When Clarence Brown first took a pro se appeal in this case, this court recognized that if Brown is entitled to the benefit of the mailbox rule, then his notice of appeal was timely filed. This court remanded for fact-finding, however, because it was concerned that Brown might have been permitted to, quote, live at large in the community, free to file pleadings just like any other litigant. The record assembled below now leaves no doubt. Brown is entitled to the benefit of the mailbox rule because, at all times relevant here, he was an inmate confined in a civil commitment institution. Accordingly, Brown timely filed his post-judgment motion when he deposited it in the institution's internal mail system on or before the last day for filing, thereby extending the deadline for him to notice an appeal. This court thus has jurisdiction to hold that the district court erred when it sua sponte dismissed Brown's pro se complaint with prejudice without affording him prior notice or an opportunity to be heard. I'm turning first to the mailbox rule question. The key question so far as the mailbox rule is concerned is whether Brown was confined in the Southeast Texas Transitional Center, and it's clear that he was because he was not free to determine when or whether he left the premises. We know, for example, that Brown could not leave the facility without the prior written approval of one of his custodians. We also know, based on Brown's uncontested submission, that for him to get approval to leave, he needed to give at least two weeks' advance notice to leave the facility. And we further know that it wasn't sufficient for Brown to request an opportunity to leave for him to be able to do so, not only because he was only allowed to go to a law library once per month based on his undisputed submission and as corroborated by the district court's court after this court's remand, and this is at 332 and 326 of the record, also made clear that he was under a level of supervision that did not allow him to leave for any purpose or for any reason. And again, the district court found that over a three-month period, Brown only had six requests to leave the facility approved, four to a hospital, two of them to a law library. I think this court's analysis in Jackson, where it considered whether an individual who was on mandatory supervision, and essentially a parolee, makes clear that an individual can and should be considered confined, or in that case incarcerated or detained, even if they are occasionally allowed to leave for limited purposes. In that case, the individual at issue was allowed to look for a job, to go to that job if he was able to secure one. Brown didn't have even those opportunities. He was confined to the Southeast Texas Transitional Center, and like the parolee in that Jackson case, I think that's enough, perhaps a form of confinement with some additional liberties relative to someone in prison, but confinement nevertheless. Once this court determines that Brown was confined in the center, and thus eligible for the mailbox rule set out in Houston and codified and broadened in Rule 4C, the rest of the mailbox inquiry is straightforward. I think there's no serious contention that Brown filed his motion after April 11th, which was the deadline for him to deposit that motion. We know that it was received by the district court in Fort Worth by 12.32 p.m. on April 12th. There's simply no way that it was all on April 12th, deposited in the institution's internal mail system in Houston, picked up by center staff in Houston, delivered to a mail carrier in Houston, who then transported it to Fort Worth and had it received by the clerk's office and stamped received. You can take judicial notice of the fact that the distance between the address of the courthouse in Fort Worth, that's 270 of the record, and the center in Houston, that's 392 of the record, is more than 260 miles, which is more for reference than the distance between Penn Station in New York City and Union Station in Washington, D.C. Given that there's no way that this motion was deposited on April 12th, it must have been deposited before April 12th and thus on or before April 11th, which is all that the mailbox rule requires. Did Brown attach what his response was when he filed his motion for reconsideration? In part, Your Honor. So I think the fairest way to read Brown's 59E motion is that it captions it a motion to alter amend the complaint or alternatively for leave to amend. Brown's motion does say to the district court, I believe you made several errors. I believe you mischaracterized my complaint. You said, for example, that I couldn't sue a government entity, and then he cites Monell to say, yes, I could. But I do also think it's clear that Brown repeatedly says, I would like an opportunity to more fully expand on my allegations. He requests leave to amend, and I don't think the submission suggests, certainly given the to which a pro se litigant is entitled, that he had put forth all of the facts that he could have possibly put forth in submitting that motion. And if you want, although I don't think it's necessary on this record, you could take judicial notice of the complaint that's filed in the related appeal pending before this court where Brown makes more fulsome allegations about, for example, the conditions of the facilities in which he was detained. Obviously couldn't take notice of the truth of those allegations, but you could take notice of his ability to make them, and thus conclude, I think quite clearly, that Brown hadn't pleaded his best case here. Brown's filed another suit. Is it related to the same kind of complaints, do you know? Yes. I was appointed in that case as well. They are related. The second suit was dismissed in part on claim preclusion grounds based on the relationship between some of the allegations in this case and in that one. The appeal doesn't challenge that the allegations are related. There's not complete overlap. Some claims are present in that one, but not this one. Some allegations are more fulsome in this case, but not that one. There is some overlap there, yes, that's correct. I'd be happy, of course, to discuss why I don't think this court needs to even consider whether Brown is entitled to the benefit of the mailbox rule, namely because the requirements of Rule 4A4 are not jurisdictional. But if this court is convinced that the mailbox rule applies, then I think its inquiry on the merits can be quite straightforward. Under this court's well-settled precedent, a district court is not entitled to sua sponte dismiss a pro se litigant's complaint with prejudice, without prior notice, and affording him an opportunity to be heard. The post-judgment motion that you mentioned, in which Brown provided some response to the district court, I don't think was that full opportunity, not only because a post-judgment motion is limited to a 28-day period, whereas he could have certainly sought and probably should have received additional time if he wanted to amend his complaint or request a Spears hearing, but also because the district court's judgment or ruling on the post-judgment motion, I think, makes quite clear that the district court did not fully reassess the arguments and claims raised in Brown's complaint. He determined that there was no manifest error, and that, for the district court, was enough. So if this court were to vacate and remand and send it back, I do think it would be requiring the district court to take a thorough, hard look at all of the claims that Brown raised in his complaint, and if the court finds those wanting because of a supposed lack of specific facts, then the court can hold a Spears hearing, use a questionnaire, or simply say, this isn't enough, file a new complaint. So can you just summarize for us what case law authority there is that a Rule 59 motion is subject to the mailbox rule? So I'm not sure that there is, in this circuit, a published opinion that holds that the Rule 59 e-motion is subject to the mailbox rule. Most likely, I think, because when you're dealing with the mailbox rule, you're almost always dealing with pro se litigants, and so less likely to have published opinions. That said, this court has certainly, in unpublished opinions cited in the brief, suggested that the mailbox rule does apply to post-judgment motions, including in this court's order in this very case, where the remand would be entirely unnecessary if the mailbox rule could have never applied. It's also true that this court has, in published opinions, extended the mailbox rule to objections to a magistrate's report and recommendations, and to the filing of a complaint. Rule discontinuity, though, that does seem to exist out there, not explored, is that the FRAP Rules 25 and 4 now have codified, whereas the civil rules, especially Rule 5, doesn't seem to have specifically codified a Houston-type rule. Is that fair to say? I'm not sure I totally understand the question. Well, this isn't really a Rule 4 appeal, notice of appeal issue. This is a civil Rule 5 question about the timeliness of his 49 e-motion. I think it's a Rule 4 question in the sense that Rule 4A1, which implements this statutory 30-day period to notice an appeal, makes clear that that 30-day deadline restarts if, under Rule 4A4, you have timely filed a post-judgment motion, which then references, by implication, Rule 59E. Yes, but Rule 59E is governed by Rule 5, correct? The filing rules, which don't yet have a codified exception. Whether or not there's a codified exception in interpreting the post-judgment motion for purposes of the district court, I think there's no question that any limitation on filing in the district court is not jurisdictional. I think it's also the case that the district court, in this very case, treated the motion that Brown filed as timely and ruled on it as though it weren't. Could that be a Houston mailbox rule, as distinct from application of Rule 4? Is that a distinction that doesn't matter in your mind? I'm not sure that it matters. I think, Your Honor, the relevant question is whether the rule simply refers to filing. If the rule doesn't require that filing be received... Rule 5 says filing must be delivered. And I think... It's distinct from received, and that's an important distinction, you think? I don't think it's an important distinction. I think, in fact, in Houston, the rule at least in the case of the Siscalia's dissent may have referred to delivery or filed with the clerk's office. But at the very least, I think certainly if there was an error in terms of filing the Rule 59 motion, that's not a jurisdictional error, and there's no reason that you have to rule on it because the district court ruled on it as though it were timely. So I think if there's a Rule 5 problem, that's enough. Second-level argument, law of the case embedded in the remand? I think law of the case embedded in the remand, there's some parts of this Court's structure I want to be law of the case, so at the very least, this Court has already decided it, and no one has asked you to reconsider it. So I think that's enough. You're coming... I mean, obviously, this is just my opinion. You're coming superbly prepared. There's no adversary. So that moderate viewpoint is appreciated by me. But because you're prepared enough, are you familiar with a case called Gwergwis, G-U-R, G-U-S? I bet you are. Cited in Judge Smith's dissent in Cooper, saying that the Court shouldn't have extended the bill. That's sort of where some of my questions are coming from, since you happen to know it, which I appreciate. What's your thought on that? Right. If memory serves, and it might not, but if memory serves, the Gwergwis case was talking about language in Rule 25 since amended that referred to, I believe, receipt by the clerk's office. And I think that what you're saying is that Rule 5 does not say receipt. It simply says delivery. And I think in this case, it's enough that it's been delivered to the clerk's office in the same sense that in Houston, it was filed with the clerk's office because the rule and the statute don't specify what filing requires, just like they don't specify what delivery requires. So it's essentially the same analysis. It's certainly open to this Court from a jurisdictional perspective, but it's also, I think, an analog of Houston v. Lack. Additionally, while this obviously isn't discussed in the briefing because there was no response facing that objection, while it, I think, is sufficient that a party has their Rule 59 motion treated as timely filed for purposes of the Rule 4A4 inquiry, as in a forfeiture of an objection to the timeliness of the post-judgment motion is sufficient, I think even if it were the case that the post-judgment motion were untimely under Rule 5, which, again, nobody said, and you certainly don't have to, I still think that this Court could say that for purposes of its jurisdiction, it was sufficient that this motion was filed with the district court, and again, that would be simply under the Rule 4C inquiry. If this Court, whether or not Rule 4A4 is jurisdictional, this Court can certainly conduct an independent inquiry and say it was filed in the district court when it was deposited in the mail. So long as you, I guess, get that far, and I realize, again, Judge Smith, to return to your question that this Court has held that the mailbox rule, you have, I guess, expressed some reluctance to extend the mailbox rule to broader context. I think that, as you pointed out in Cooper, if the mailbox rule extends to the filing of complaints, presumably also subject to Rule 5, Judge Higginson, then the mailbox rule should extend this far, and your dissent pointed out that there's not really a principled reason to stop at the filing of a complaint. If a complaint, why not something else? And I think this is that something else. And also, finally, to finish answering your question, I do think there are cases cited in the brief in which other circuits have held, so for you to hold that a Rule 59e motion is not eligible for the mailbox rule would, I think, create a pretty clear circuit split with the decision of other cases. Not only, I believe, an incorrect decision under this Court's precedent, but also an unnecessary one, because, again, the satisfaction of Rule 4A4 is not jurisdictional, so this Court doesn't need to reach the question at all. If there are no other questions on the timeliness issue, again, I think the merits are fairly straightforward. The dismissal here was obviously with prejudice, not without prejudice. There's, I think, no way to determine that this was Brown's best case. The dismissal repeatedly says lack of specific facts, not enough facts, things of that nature. It's not, quote, to use the language of Hill versus King. It's not obvious from the record that Brown couldn't have done more. He said he had limited access to a law library. The pleadings were made in the other case. Given all those facts, I think the proper remedy, or the proper disposition of this case is to hold that this Court has jurisdiction to evaluate the judgment of dismissal and that that judgment of dismissal made sua sponde without notice was right. We have your argument, and we appreciate your thorough preparedness in this case and your service to your client. Thank you very much. Thank you.